McComb Dressed Poultry Co. *v.* McComb Milling Co., Inc.

No. 39903          April 16, 1956          86 So. 2d 858

*Breed O. Mounger,* Tylertown; *R. B. Reeves,* McComb, for appellants.

L. S. *McLaren, N. B. Gillis, Jr.,* McComb, for appellee.

Roberds, P. J.

The rights and liabilities of the parties involved in this appeal depend mainly upon whether the relation between John A. Adams and Elouise B. Adams, appellants, and McComb Milling Company, Inc., appellee, was that of debtor and creditor or that of coadventurers during the period of their business dealings. The chancellor found and adjudicated that relation to be that of debtor and creditor and rendered personal decrees against appellants based upon that conclusion. If he had substantial evidence to support that conclusion we are not justified in reversing him on that finding. This is a long record. We have carefully reviewed and considered it. Without detailing the testimony, pro and con, on this question, we find that the chancellor not only had substantial testimony to support his conclusions and findings but that the great weight of the testimony disclosed by the record justifies such findings and conclusions.

■ ■ Appellants were engaged in the business of raising and marketing small chickens. By cross-bill they sought a personal decree against the appellee for damage caused them, as claimed, from defective feed furnished by appellee to appellants for chicken feed, resulting in the death of many chickens. The chancellor denied the cross-bill. He correctly did that. The proof that the feed sold by appellee to appellants, which they fed to their chickens, was injurious to, and caused the death of, the chickens is entirely too vague, indefinite and uncertain to establish liability against appellee on those grounds.

Affirmed.

*Hall, Lee, Kyle* and Holmes, JJ., concur.